JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0098-DOC (DFMx)            Date: December 18, 2015

Title: COACHELLA VALLEY COLLECTION SERVICE V. TRACI ANNETTE SASSER ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                            None Present

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION TO SUPERIOR COURT**

**I.**    **Relevant Background**

On May 5, 2014, Coachella Valley Collection Service commenced an action in Orange County Superior Court against Defendant Traci A. Sasser ("Sasser"). Notice of Removal (Dkt. 1) ¶ 1. On or about December 16, 2014, Sasser filed a Cross-Complaint against James R. Hefflin ("Hefflin") and against two California corporations, Armcon Corporation and Federal Administrative Law Corporation ("FALC")[1]. *Id.* ¶ 2. In her Cross-Complaint, Sasser alleges the following claims: (1) violation of the Rosenthal Fair Debt Collection Practices Act, (2) intentional misrepresentation, (3) intentional infliction of emotional distress, (4) violation of Business and Professions Code § 17200, (5) declaratory relief, (6) fraud, and (7) unjust enrichment. *See id.* Ex. A at 1–29. The Cross-Defendants attached Defendant's Traci Annette Sasser's Cross-Complaint to the Notice of Removal. *See id.*

On January 21, 2015, Cross-Defendants Hefflin and FALC removed the present case from Orange County Superior Court. Notice of Removal (Dkt. 1). In the Notice of

---

[1] The Court clarifies that the Federal Administrative Law Corporation is not a government agency, but rather a California corporation that practices before state and federal agencies. *See* Notice of Removal Ex. A ¶3.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0098-DOC (DFMx)　　　　　　　　　　　　　　Date: December 18, 2015
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Removal, Cross-Defendants Hefflin and FALC provide the following basis for this Court's jurisdiction: "The cross-complaint is a civil action which this Court has original jurisdiction under 28 U.S.C. sec. 1441 in that it raises issues under Federal Common Law, Title VII of the Civil Rights Act of 1964, the Administrative Procedures Act ("APA"), and the Labor Management Relations Act ("LMRA")." *Id.* ¶ 4. Separately, the Cross-Defendants state that "removal is proper pursuant to the Forum Selection Clause set forth in the Contract for Legal Services originally entered into between Traci A. Sasser and FALC." *Id.* ¶ 5. The Cross-Defendants allege the Forum Selection Clause read as follows:

> Client further agrees that the Federal District Court shall have jurisdiction over all alleged tortuous acts by any Federal Administrative Law Corp., Officers, Directors, Share Holders, Employees, and Independent Contractors that arise during the representation of client before any U.S. Government Agency or Federal Administrative Tribunal; client waives any objection to jurisdiction.

*Id.*

　　　　The Cross-Defendants did not attach the original Complaint in the underlying state court action to their Notice of Removal. *See* Notice of Removal. On January 22, 2015, the Clerk issued a Notice of Deficiency, which stated, *inter alia*, that "No state court records were filed with the Notice of Removal. See 28 U.S.C. § 1446(a). You must immediately file all case initiating pleadings, process, and orders served on you in the state action as an Exhibit in Support of the Notice of Removal" (Dkt 4). To date, the Cross-Defendants have not provided the Court with a copy of the Complaint in the underlying state court action.

## II.　　Legal Standard & Discussion

　　　　"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)." Additionally, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-0098-DOC (DFMx)　　　　　　　　　　　　　　　　Date: December 18, 2015
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

may remand *sua sponte*, not just upon motion by a party. *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1295 (C.D. Cal. 2000).

　　　A defendant may generally remove a civil action from a state court to a federal court "embracing the place where such action is pending" if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

　　　However, "it is well established 'that a counterclaim which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.'" *Kelkris Assocs., Inc. v. Devlin*, No. C 15-00582 WHA, 2015 WL 1516898, at *1 (N.D. Cal. Apr. 1, 2015) (quoting *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 831 (2002)). Put differently, "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question." *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quotation omitted); *see also MAC 1 Investments, LLC v. Teresa Santamaria Boceta*, No. SACV 10-1285-JST (Ex), 2010 WL 4054467, at *2 (C.D. Cal. 2010) ("Even if Defendant had filed a cross-complaint asserting the above claims, which she has not, under the well-pleaded complaint rule, a defendant's claims or defenses may not serve as a basis for removal.") (quotation omitted).

　　　Further, forum selection clauses contained in contracts cannot provide a basis for subject matter jurisdiction. For example, in *Kavlico*, the court wrote that "Daikin appears to argue that this Court lacks subject matter jurisdiction on the basis of the forum selection clause in its contract. But "the issues relating to a forum selection clause are distinct from the questions of subject matter jurisdiction." *Kavlico Corp. v. Daikin Applied Americas, Inc.*, Case No. CV 15-02434-DMG (VBKx), 2015 WL 4720492, at *2 (C.D. Cal. Aug. 7, 2015) (citation omitted).

　　　In this case, the Cross-Defendants based the removal on two grounds: (1) Defendant Sasser's Cross Complaint, and (2) the forum selection clause contained in the Contract for Legal Services. Notice of Removal ¶¶4, 5. As discussed above, a

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-0098-DOC (DFMx)                                        Date: December 18, 2015
                                                                                                        Page 4

Defendant's federal claim in a Cross Complaint cannot provide the basis for removal. *See Takeda*, 765 F.2d 815, 822 (9th Cir. 1985). Similarly, a forum selection clause cannot create subject matter jurisdiction. *Kavlico*, 2015 WL 4720492, at *2. As the Ninth Circuit observed in *Pelleport*, "the district court's decision to enforce a forum selection clause did not obviate the need to address whether subject matter existed in the first placed. The court explained; '[T]he two decisions are separate. To reach the contract clause issue, the court had to have subject matter jurisdiction.'" *Kum Lat Limited v. Linden Ox Pasture, LLC*, Case No. 14-cv-02857-WHO, 2014 WL 4651673, at *4 (quoting *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273. 278 (9th Cir. 1984)). Thus, the forum selection clause at issue cannot provide subject matter jurisdiction in this case.

## III.    Disposition

      Based on the foregoing, the Court REMANDS this action to the Superior Court of California, County of Orange, No. 30-2014-00720708-CU-CL-CJC.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                          Initials of Deputy Clerk: djg
CIVIL-GEN